UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEROY LYONS,

        Petitioner,        Case Number: 2:10-CV-11386

v.        HONORABLE VICTORIA A. ROBERTS

BLAINE LAFLER,

        Respondent.
_____/

**ORDER DENYING PETITIONER'S (1) MOTION FOR
IMMEDIATE CONSIDERATION; (2) MOTION TO APPOINT COUNSEL
(3) MOTION FOR EVIDENTIARY HEARING AND FOR SUBPOENA
DUCES TECUM; (4) MOTION FOR WRIT OF HABEAS CORPUS;
(5) MOTION FOR PEREMPTORY JUDGMENT; AND (6) GRANTING
IN PART PETITIONER'S MOTION TO FILE SUPPLEMENTAL EVIDENCE**

Petitioner Leroy Lyons filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. He challenges his convictions on two counts of first-degree murder. Before the Court are multiple motions filed by Petitioner.

**I. Motion for Immediate Consideration**

Petitioner filed a Motion for Immediate Consideration of his habeas petition.

The Court tries to address all matters, including habeas corpus petitions, in a timely manner, considering its entire caseload. The Court will address the merits of the petition as expeditiously as possible, and the Court denies this motion as unnecessary.

## II.  Motion to Appoint Counsel

There is no constitutional right to the appointment of counsel in civil cases; the court has broad discretion in determining whether counsel should be appointed. *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) ("[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court.  It is a privilege and not a right.") (internal quotation omitted).  A habeas petitioner may obtain representation at any stage of the case "[w]henever the United States magistrate or the court determines that the interests of justice so require."  18 U.S.C. § 3006A(a)(2)(B).  Here, the Court concludes after careful consideration that the interests of justice do not require appointment of counsel now, and denies the motion without prejudice.

## III.  Motion for Evidentiary Hearing and for Subpoena Duces Tecum

Petitioner filed a Motion for Evidentiary Hearing and for Subpoena Duces Tecum.

Rule 8, Rules Governing Section 2254 Cases in the United States District Courts states, in pertinent part:

> If the petition is not dismissed at a previous stage in the proceeding, the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted.

*See* Rule 8, Rules Governing Section 2254 Cases.  It is within the district court's discretion to determine whether a habeas petitioner is entitled to an evidentiary hearing. *Brofford v. Marshall*, 751 F.2d 845, 853 (6th Cir. 1985).  An evidentiary hearing is not required where the record is complete or if the petition raises only legal claims that can be

resolved without additional evidence.  *Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir. 1989); *Hadley v. Harry*, No. 09-10297, 2011 WL 62107, * 1 (E.D. Mich. Jan. 7, 2011).

The Court reviewed the Rule 5 materials submitted by Respondent.  The record appears complete.  The Court denies Petitioner's request for an evidentiary hearing, without prejudice to conducting a hearing later, if it becomes necessary.

Petitioner also requests issuance of a subpoena duces tecum.  A habeas petitioner is not entitled to discovery as a matter of course.  Rule 6(a), Rules Governing § 2254 Cases; *Bracy v. Gramley*, 520 U.S. 899, 904 (1997); *Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir.2004) ("Habeas prisoners have no right to automatic discovery.") (quotation omitted).  Rule 6 of the Rules Governing Section 2254 Proceedings requires that a party requesting discovery show good cause and provide reasons for the requested discovery. *Id.*  Such a showing requires "specific allegations of fact" that demonstrate to a court that additional discovery may help the defendant to show that he is entitled to relief. *Williams*, 380 F.3d at 974.  The moving party has the burden to establish the materiality of the requested discovery. *Id.*  Rule 6 does not permit a defendant to embark upon a "fishing expedition" based solely on conclusory allegations. *Id.*

Petitoner does not identify what documents or materials he seeks through issuance of a subpoena duces tecum, nor to whom this subpoena would be directed.  The motion is denied.

**IV.  Motion for Writ of Habeas Corpus and Motion for Peremptory Judgment**

Petitioner filed a Motion for Writ of Habeas Corpus and Motion for Peremptory

Judgment. In both motions, Petitioner asks the Court to grant him habeas relief. The Court will review the merits of the petition itself, and additional motions seeking issuance of the writ are unnecessary. The motions are denied without prejudice to a decision on the merits of the petition.

### V. Motion to File Supplemental Evidence

Finally, Petitioner filed a Motion to File Supplemental Evidence. He seeks to supplement the record with documents which he argues support the claim that the Detroit Police Crime Lab manufactured incriminating evidence.

Rule 7, Rules Governing Section 2254 Cases, allows for expansion of the record in habeas corpus proceedings at the judge's discretion by inclusion of additional relevant materials, including: "letters predating the filing of the petition in the district court, documents, exhibits, . . . [and] [a]ffidavits." Rule 7, Rules Governing Section 2254 Cases.

The documents Petitioner seeks to include may have marginal relevance to evaluating his petition. Therefore, the Court grants the request to supplement.

Although not indicated in the title of this motion, Petitioner asks the Court to take judicial notice that evidence regarding shell casings was a critical piece of evidence at trial, and that it was not accurately tested by the Detroit Police Crime Lab. A court may take judicial notice of an adjudicative fact when such a fact is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose

accuracy cannot be reasonably questioned." Fed. R. Evid. 201(a) and (b). "A high degree of indisputability is the essential prerequisite" of adjudicative facts. *Id.* at 201(a) advisory committee's note.

The shell casings evidence, its importance to the prosecution's case, and its relationship to the Detroit Police Crime labs have not been established with the "high degree of indisputability" required as the "essential prerequisite" for judicial notice under Rule 201(b) of the Federal Rules of Evidence; this portion of the motion is denied.

### VI. Conclusion

Petitioner's "Motion for Immediate Consideration" [dkt. #2], "Motion to Appoint Counsel" [dkt. #3], "Motion for Evidentiary Hearing and for Subpoena Duces Tecum" [dkt. #4], "Motion for Writ of Habeas Corpus" [dkt. #5], and "Motion for Peremptory Judgment" [dkt. # 12] are **DENIED**.

Petitioner's "Motion to File Supplemental Evidence" [dkt. #13] is **GRANTED IN PART**; Petitioner is permitted to expand the record to include the documents attached to the Motion. It is **DENIED IN PART**; the Court declines to take judicial notice of the shell casings-related evidence.

**IT IS ORDERED**.

s/Victoria A. Roberts<br>
Victoria A. Roberts<br>
United States District Judge

Dated: March 9, 2011

5

The undersigned certifies that a copy of this document was served on the attorneys of record and Leroy Lyons by electronic means or U.S. Mail on March 9, 2011.

s/Linda Vertriest
Deputy Clerk