UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEROY LYONS,
290297

          Petitioner,          Case Number: 2:10-CV-11386

v.          HONORABLE VICTORIA A. ROBERTS

BLAINE LAFLER,

          Respondent.
_____/

## ORDER

Petitioner Leroy Lyons filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. He challenges his convictions on two counts of first-degree murder. Now before the Court are multiple motions filed by Petitioner.

**I.  Motion for Discovery/Expanding of the Record**

In this Motion, Petitioner seeks discovery of the criminal histories of all prosecution witnesses and to expand the record to include these criminal histories.

"Habeas petitioners have no right to automatic discovery." *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001). Rule 6(a) permits district courts to authorize discovery in habeas corpus proceedings "for good cause." Rules Governing Section 2254 Cases in the United States District Courts, R. 6(a). "Rule 6 embodies the principle that a court must provide discovery in a habeas proceeding only 'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully

developed, be able to demonstrate that he is . . . entitled to relief.'" *Williams v. Bagley*, 380 F.3d 932, 975 (6th Cir. 2004), *quoting Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997).

The trial transcript shows that Petitioner's attorney informed the court that she received criminal histories for each prosecution witness. *See* Tr., 3/20/99, at 83. Petitioner has not shown the need for production of these criminal histories nor has he shown they would support his habeas claims. The motion is denied.

## II.   Motion for Clarification

Petitioner filed a "Motion for Clarification and an Order Prohibiting State's Use of Codes, Symbols, and Signs in Future Motions That's Tantamount to *Ex Parte* Communication." Petitioner objects to the "Electronic Document Stamp" contained in the Notice of Electronic Filing issued each time a document is electronically filed by a party or the Court.

The "Electronic Document Stamp" consists of a long series of numbers and letters. It is a unique identifier issued by the Court for internal court tracking. *See* Electronic Case Filing Users Manual, updated April 9, 2010. Contrary to Petitioner's claim, the "Electronic Document Stamp" is not an *ex parte* communication between the Court and a party. Petitioner's Motion is denied.

## III.   Motions to Supplement

Next, Petitioner filed five motions asking for permission to supplement his petition with additional case authority, arguments, and a witness statement.

In two of these motions [dkt. #22 & 27], Petitioner seeks to supplement the petition by including citation to *Houck v. Stickman*, 625 F.3d 88 (3d Cir. 2010), and *Couch v. Booker*, 632 F.3d 241 (6th Cir. 2011), which, Petitioner argues, are relevant to his ineffective assistance of counsel claim.  The Court grants these motions.

In another of these motions [dkt. #23], Petitioner seeks to supplement the record with excerpts from the trial court record.  As part of his Answer and in accordance with Rule 5, Rules Governing Section 2254 Cases, Respondent filed portions of the relevant state court record, including state court trial transcripts.  The portion of the trial transcript quoted by Petitioner is already part of the court record.  Therefore, Petitioner need not supplement the record as proposed and the Court denies the motion.

Next, Petitioner seeks leave to present an impartial witness statement not presented at trial [dkt. #26].  Rule 7, Rules Governing Section 2254 Cases, allows for expansion of the record in habeas corpus proceedings at the judge's discretion by inclusion of additional relevant materials.  The Court cannot discern from the face of the motion whether Petitioner attempted to introduce the witness statement at trial or previously made the witness statement part of the state court record.  Although Respondent filed a large portion of the Rule 5 materials, he has not filed the state court record related to Petitioner's direct appeal.  The Court requires Respondent to do so.  The Court denies Petitioner's motion to supplement the record with a witness statement without prejudice.  If, after reviewing the supplemental Rule 5 materials, the Court finds consideration of the witness statement relevant, appropriate, and necessary for a fair adjudication of the

petition, the Court will reconsider the motion.

In his most recent Motion to Supplement [dkt. #38], filed July 20, 2011, Petitioner seeks to supplement the pleadings with further arguments related to his ineffective assistance of counsel claims, citation to a recently issued case, and with a brief filed by counsel for Petitioner in the Michigan Court of Appeals. The Court grants the motion.

### IV. Motion for Reconsideration

Finally, Petitioner filed a Motion for Reconsideration. He seeks reconsideration of the Court's March 9, 2011 order denying several of Petitioner's motions. Motions for reconsideration may be granted when the moving party shows (1) a "palpable defect," (2) by which the court and the parties were misled, and (3) the correction of which will result in a different disposition of the case. E.D. Mich. L.R. 7.1(h)(3). A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest or plain." *Olson v. The Home Depot*, 321 F. Supp. 2d 872, 874 (E.D. Mich. 2004). While Petitioner disagrees with the Court's decision regarding the motions, he fails to show that the decision was based upon a palpable defect. Therefore, the Motion will be denied.

### V. Conclusion

Petitioner's "Motion for Discovery/Expanding of the Record" [dkt. #15], "Motion for Clarification" [dkt. #16], "Motion to Supplement Arguments" [dkt. #23], and "Motion for Reconsideration" [dkt. #25] are DENIED. Petitioner's "Motion for Leave to Present Impartial Witness Statement" [dkt. # 26] is DENIED WITHOUT PREJUDICE.

Petitioner's "Motions to File Supplemental Authority" [dkt. #22 & #27], and

"Motion to Supplement" [#28] are GRANTED.

Respondent is directed to file the state court record related to Petitioner's direct appeal within 21 DAYS from the date of this Order.

IT IS ORDERED.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: August 17, 2011

The undersigned certifies that a copy of this document was served on the attorneys of record and Leroy Lyons by electronic means or U.S. Mail on August 17, 2011.

s/Carol A. Pinegar
Deputy Clerk