UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEROY LYONS,

        Petitioner,        Case Number: 2:10-cv-11386

v.        HON. VICTORIA A. ROBERTS

BLAINE LAFLER,

        Respondent.
_____/

**OPINION AND ORDER GRANTING PETITIONER'S MOTION TO SUPPLEMENT MOTION (Dkt. # 39), DENYING MOTION FOR RECONSIDERATION AND RULE 59(e) RELIEF (Dkt. # 37), AND DENYING MOTION FOR RELATION BACK (Dkt. # 38)**

     Michigan state prisoner Leroy Lyons filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions for two counts of first-degree murder. The Court denied the petition and denied a certificate of appealability. Now before the Court are Petitioner's motion for reconsideration, motion to supplement motion for reconsideration, and motion to amend his petition with the amendment relating back to the original petition.

     First, Petitioner seeks leave to amend his motion for reconsideration to allow him to seek relief under Fed. R. Civ. P. 59(e), in addition to under Local Rule 7.1(h)(3). The Court grants the request to amend the motion for reconsideration. Motions for reconsideration may be granted when the moving party shows (1) a "palpable defect," (2) by which the court and the parties were misled, and (3) the correction of which will result

in a different disposition of the case. E.D. Mich. L.R. 7.1(h)(3). A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest or plain." *Olson v. The Home Depot*, 321 F. Supp. 2d 872, 874 (E.D. Mich. 2004). Petitioner has not demonstrated that a palpable defect occurred in this Court's decision denying the petition. Rather, he simply disagrees with the Court's decision. A motion predicated on such an argument is an insufficient ground upon which to grant a motion for reconsideration. L.R. 7.1(h)(3); *see also, Meekison v. Ohio Department of Rehabilitation and Correction*, 181 F.R.D. 571, 572 (S.D. Ohio 1998). Therefore, reconsideration is denied.

Petitioner also seeks relief under under Federal Rule of Civil Procedure 59(e). The disposition of motions under Rule 59(e) are "entrusted to the court's sound discretion." *Keweenaw Bay Indian Community v. United States*, 940 F. Supp. 1139, 1140 (W.D. Mich. 1996) (*citing Huff v. Metropolitan Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982)). Rule 59(e) motions are generally granted when one of the following circumstances arises:

> (1) an intervening change in the controlling law; (2) evidence not previously available has become available; or (3) necessity to correct a clear error of law or prevent manifest injustice.

*Nagle Industries, Inc. v . Ford Motor Co.*, 175 F.R.D. 251, 254 (E.D. Mich. 1997) (*citing Keweenaw Bay*, 940 F. Supp. at 1141). "Such motions, however, are 'not intended as a vehicle to relitigate previously considered issues;' 'should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence' and are not the proper vehicle to attempt to obtain a reversal of a judgment 'by offering the same arguments previously presented.'" *Id.*, *(quoting Keweenaw Bay*, 904 F.

Supp. at 1141). As he did when seeking relief under Local Rule 7.1(h)(3), Petitioner essentially seeks to relitigate issues already decided by the Court. Nothing in his motion justifies relief under Rule 59(e).

Finally, Petitioner seeks to amend his petition and have the amendment relate back to his original petition under Federal Rule of Civil Procedure 15(c). Leave to amend must be freely given "when justice so requires," Fed.R.Civ.P. 15(a)(2). Courts may deny leave to amend when an amendment would be futile. *Parry v. Mohawk Motors of Michigan*, 236 F.3d 299, 307 (6th Cir. 2000). The "relation back" rule is inapplicable when the initial habeas petition is dismissed because there is no pleading to which it can relate back. *See Neverson v. Bissonnette*, 261 F.3d 120, 126 (1st Cir. 2001); *Warren v. Garvin*, 219 F.3d 111, 113-14 (2d Cir. 2000). In this case, the petition has been denied and the matter dismissed. Therefore, any amendment would be futile and the amendment may not relate back to a dismissed petition. The motion will be denied.

Petitioner's "Motion to Supplement" (dkt. # 39) is GRANTED. Petitioner's Motion for Reconsideration (dkt. # 37) and Motion for Relation Back (dkt. # 38) are DENIED.

**IT IS ORDERED**.

S/Victoria A. Roberts<br>
Victoria A. Roberts<br>
United States District Judge

Dated:  December 6, 2012

3

The undersigned certifies that a copy of this document was served on the attorneys of record and Leroy Lyons by electronic means or U.S. Mail on December 6, 2012.

S/Linda Vertriest
Deputy Clerk