UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEROY LYONS,

        Petitioner,               Case Number: 2:10-CV-11386

v.                                HONORABLE VICTORIA A. ROBERTS

BLAINE LAFLER,

        Respondent.
_____/

## ORDER DENYING PETITIONER'S RULE 60(d) MOTION

Petitioner Leroy Lyons is a Michigan prisoner serving two life sentences. In 1999, Lyons was convicted of two counts of first-degree murder. In 2010, Lyons filed a habeas corpus petition. This Court denied the petition and denied Lyons a certificate of appealability. (Dkt. # 24). The Sixth Circuit Court of Appeals also denied a certificate of appealability. (Dkt. # 45). Now before the Court is Lyons' "Rule 60 Motion subsection (d) Fraud on this Court." For the reasons that follow, the Court denies the motion and declines to issue a certificate of appealability.

### I. Discussion

In his motion, Lyons contends that a fraud upon the Court arose from the State's failure to disclose that a prosecution witness, Mary Jefferson Glenn, testified pursuant to a plea agreement. He claims that the State perpetuated this fraud in its response to his habeas petition. Lyons' motion also reasserts arguments raised in his habeas petition.

Federal Rule of Civil Procedure 60(d) grants a court the power to:

(1) entertain an independent action to relieve a party from a judgment, order, or proceeding;

(2) grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action; or

(3) set aside a judgment for fraud on the court.

The Sixth Circuit has described "fraud on the court" as "'egregious conduct involving a corruption of the judicial process itself.'" *Gen. Medicine, PC v. Horizon/CMS Health Care Corp.*, 475 F. App'x 65, 71 (6th Cir. 2012). "Fraud on the court consists of conduct: '1) on the part of an officer of the court; that 2) is directed to the judicial machinery itself; 3) is intentionally false, willfully blind to the truth, or is in reckless disregard of the truth; 4) is a positive averment or a concealment when one is under a duty to disclose; and 5) deceives the court.'" *Johnson v. Bell*, 605 F.3d 333, 339 (6th Cir. 2010), (quoting *Carter v. Anderson*, 585 F.3d 1007, 1111 (6th Cir. 2009)).

Lyons argues that Mary Jefferson Glenn perjured herself when she testified at his trial that she received nothing in consideration for her testimony and that the prosecutor knowingly withheld evidence of an agreement. He contends that the Attorney General perpetrated a fraud on this Court by failing to disclose the plea agreement in its response to Lyons' habeas petition. To support this contention, Lyons' attaches an excerpt from *People v. Siebert*, 450 Mich. 500 (1995), a consolidated appeal involving three defendants, including one named Mary Jefferson. In *Siebert*, the Michigan Supreme Court considered whether a prosecutor must be given an opportunity to withdraw from a

sentence agreement when the court imposes a lower sentence than that called for in the agreement. The Michigan Supreme Court discussed the case of Mary Jefferson and noted that, in June 1989, she entered into a plea agreement and, over the next 11 months, provided "extensive assistance to both state and federal law enforcement authorities." *Id.* at 525. Lyons argues that this case establishes that Mary Jefferson Glenn lied when she testified at his trial that she was not testifying pursuant to a plea agreement.

Lyons provides no evidence that the "Mary Jefferson" referenced in the *Siebert* opinion is the same person as the "Mary Jefferson Glenn" who testified at his trial. The plea agreement referenced in *Siebert* was entered into in 1989, ten years before Lyons' trial. Thus, even if it involved the same individual, there is no indication the agreement was relevant in time or content to Lyons' case. In short, Lyons' arguments fail to show that the State committed a fraud on the Court in its response to the habeas petition.

Lyons' remaining arguments simply rehash claims raised and denied in his original habeas petition. They do not provide a basis for relief under Rule 60(d).

## II. Conclusion

For these reasons, the Court denies Lyons relief under Rule 60(d). The Court declines to issue Petitioner a certificate of appealability with respect to this decision, as jurists of reason could not disagree with the Court's ruling. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

The Court DENIES Petitioner's "Rule 60 Motion subsection (d) Fraud on this Court" (dkt. # 48) and denies a certificate of appealability.

S/Victoria A. Roberts
VICTORIA A. ROBERTS
UNITED STATES DISTRICT JUDGE

DATE: December 10, 2014