UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEROY LYONS,

          Petitioner,           Case Number: 2:10-CV-11386

v.           HONORABLE VICTORIA A. ROBERTS

BLAINE LAFLER,

          Respondent.
_____/

**ORDER (1) CONSTRUING PETITIONER'S MOTION FOR CERTIFICATE OF APPEALABILITY (Dkt. #55) AS MOTION FOR RECONSIDERATION; (2) DENYING MOTION; AND (3) GRANTING PETITIONER'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL (Dkt. # 57)**

Petitioner Leroy Lyons filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his 1999 convictions for two counts of first-degree murder. This Court denied the petition and denied Lyons a certificate of appealability. (Dkt. # 24). The Sixth Circuit Court of Appeals also denied a certificate of appealability. (Dkt. # 45). Lyons filed then filed a "Rule 60 Motion subsection (d) Fraud on this Court," (Dkt. # 48). The Court denied the motion and declined to issue a certificate of appealability. (Dkt. # 49). The Court also denied Lyons' motion for reconsideration. (Dkt. # # 50, 53). Now before the Court are Lyons' Motion for Certificate of Appealability and Application to Proceed *In Forma Pauperis* on Appeal. Because the Court already has denied a certificate of appealability (COA), the Court construes Petitioner's Motion for Certificate of Appealability as requesting reconsideration of that denial. The Court denies the motion

for reconsideration and grants Lyons permission to proceed *in forma pauperis* on appeal.

Motions for reconsideration may be granted when the moving party shows (1) a "palpable defect," (2) by which the court and the parties were misled, and (3) the correction of which will result in a different disposition of the case. E.D. Mich. L.R. 7.1(h)(3). A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest or plain." *Olson v. The Home Depot*, 321 F. Supp. 2d 872, 874 (E.D. Mich. 2004).

Petitioner asks the Court to reconsider its denial of a certificate of appealability. The Court declined to issue a COA because reasonable jurists could not "debate whether (or, for that matter, agree that) [the Rule 60 motion] should have been resolved in a different manner" or that the issues presented were "adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted). Petitioner's arguments for reconsideration amount to a disagreement with the Court's decision. A motion predicated upon such argument fails to allege sufficient grounds upon which to grant reconsideration. L.R. 7.1(h)(3); *see also, Meekison v. Ohio Dept. of Rehabilitation and Correction*, 181 F.R.D. 571, 572 (S.D. Ohio 1998). Petitioner fails to demonstrate that the Court's decision denying a COA was based upon a palpable defect by which the Court was misled.

Federal Rule of Appellate Procedure 24(a)(1) provides that a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. An appeal may not be taken in forma pauperis if the court determines that it is not

taken in good faith. 28 U.S.C. § 1915(a)(3). "'Good faith' merely requires that the issues are arguable on the merits; it does not require a showing of probable success." *Foster v. Ludwick*, 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 631 (7th Cir. 2000). An appeal in this case may be taken in good faith.

Accordingly, the Court DENIES Petitioner's "Motion for Certificate of Appealability" (dkt. # 55), which the Court has construed as a "Motion for Reconsideration," and GRANTS Petitioner's "Application to Proceed *In Forma Pauperis* on Appeal" (dkt. # 57).

SO ORDERED.

S/Victoria A. Roberts
VICTORIA A. ROBERTS
UNITED STATES DISTRICT JUDGE

Dated: 9/18/2015