**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

LEROY LYONS,

      Petitioner,      Case Number: 2:10-CV-11386

v.              HONORABLE VICTORIA A. ROBERTS

BLAINE LAFLER,

      Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTIONS (Dkt. # 64, # 65, & # 63)

  Petitioner Leroy Lyons is a Michigan prisoner serving two life sentences. In 1999, Lyons was convicted of two counts of first-degree murder. In 2010, Lyons filed a habeas corpus petition. This Court denied the petition. (Dkt. # 24). The Sixth Circuit Court of Appeals also denied a certificate of appealability. (Dkt. # 45). Lyons then filed a "Rule 60 Motion subsection (d) Fraud on this Court" (Dkt. #48), which the Court denied (Dkt. 49). Now before the Court are Lyons' "Motion to Entertain a Letter" (Dkt. # 64), "Motion for the State to Execute Its Constitutional Mandated Duty to Pray for Justice from a Wrongful Conviction" (Dkt. # 65), and "Motion to Correct or Modify the Record Based on Newly Discovered Evidence" (Dkt. # 63).

  The three motions concern Lyons' claim that he was wrongfully convicted. Petitioner's Motion to Entertain a Letter asks the Court to accept and consider a letter from Petitioner in which he asserts innocence and repeats previously denied claims

challenging his trial and convictions.

The habeas corpus proceeding has concluded. The Sixth Circuit Court of Appeals declined to issue a certificate of appealability. There is no basis for the Court to rehear or reconsider the claims raised in the letter. This motion is denied.

Second, Petitioner filed a Motion for the State to Execute Its Constitutional Mandated Duty to Pray for Justice from a Wrongful Conviction. The motion appears to ask the Court to compel the State to concur with Petitioner's assessment that prosecutorial misconduct, ineffective assistance of counsel, and physical evidence resulted in his improper conviction. The Court denied the habeas petition and subsequent motions. Petitioner has not shown entitlement to habeas relief. The Court will not require the State to concede that Petitioner was improperly convicted.

Finally, Petitioner filed a Motion to Correct or Modify the Record Based Upon Newly Discovered Evidence. Ordinarily, a motion seeking to present newly discovered evidence not presented in the petition should be classified as a "second or successive habeas petition," and transferred to the Court of Appeals for authorization pursuant to the provisions of 28 U.S.C. § 2244(b). *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005). In this case, however, the Sixth Circuit Court of Appeals already declined to authorize the filing of a successive petition based upon the same "new" evidence raised in the pending motion. The Court, therefore, denies the motion without transfer to the Court of Appeals. *Accord Campbell v. Myers*, No. 03-02926, 2017 WL 4640441, *2 (W.D. Tenn. Oct. 16, 2017) (declining to transfer successive habeas petition to court of appeals where the

petitioner was previously denied authorization to file a successive petition).

In summary, the Court **DENIES** Petitioner's "Motion to Entertain a Letter" (Dkt. # 64), "Motion for the State to Execute Its Constitutional Mandated Duty to Pray for Justice from a Wrongful Conviction" (Dkt. # 65), and "Motion to Correct or Modify the Record Based on Newly Discovered Evidence" (Dkt. # 63).

**SO ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: January 30, 2018

The undersigned certifies that a copy of this document was served on the attorneys of record and Leroy Lyons by electronic means or U.S. Mail on January 30, 2018.

s/Linda Vertriest
Deputy Clerk