UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEROY LYONS,

           Petitioner,           Case Number: 2:10-CV-11386

v.           HONORABLE VICTORIA A. ROBERTS

BLAINE LAFLER,

           Respondent.

_____/

## ORDER DENYING PETITIONER'S MOTIONS (Dkt. # 68, # 70, & # 71)

Petitioner Leroy Lyons is a Michigan prisoner serving two life sentences. In 1999, Lyons was convicted of two counts of first-degree murder. In 2010, Lyons filed a habeas corpus petition. This Court denied the petition. (Dkt. # 24). The Sixth Circuit Court of Appeals also denied a certificate of appealability. (Dkt. # 45). Lyons then filed a "Rule 60 Motion subsection (d) Fraud on this Court" (Dkt. #48), which the Court denied (Dkt. 49). The Court also denied Lyons' "Motion for the State to Execute Its Constitutional Mandated Duty to Pray for Justice from a Wrongful Conviction" (Dkt. # 65), and "Motion to Correct or Modify the Record Based on Newly Discovered Evidence" (Dkt. # 66). Now before the Court are Lyons' "Motion for Reconsideration, Request for Appointment of Counsel" (Dkt. # 68), "Motion for the Court to Find the Michigan Attorney General, Bill Schuette, Esq. and Raina Korbakis, Asst. Attorney General in Civil Contempt" (Dkt. 70), and "Motion for Evidentiary Hearing" (Dkt. 71).

The three pending motions concern Lyons' claim that he was wrongfully convicted. First, Lyons seeks reconsideration of the Court's order denying his Motion to Correct or Modify the Record Based on Newly Discovered Evidence. A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. E.D. Mich. L.R. 7.1(h); *Streater v. Cox,* 336 Fed. App'x 470, 477 (6th Cir. 2009). The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof. E.D. Mich. L.R. 7.1(h). A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest or plain." *Olson v. The Home Depot*, 321 F. Supp. 2d 872, 874 (E.D. Mich. 2004). Lyons' motion raises the same issues already ruled upon by the Court, either expressly or by reasonable implication. He has not shown that the Court's decision was based upon a palpable defect. Lyons is not entitled to reconsideration of the Court's order nor is he entitled to appointment of counsel.

Second, Lyons asks the Court to find Attorney General Bill Schuette and Assistant Attorney General Raina Korbakis in contempt of court because they withheld state court files regarding prosecution witness, Mary Jefferson Glenn, which would have shown that she testified pursuant to a deal with the prosecutor. Lyons' challenge to the State's handling of this prosecution witness has been rejected both by this Court and the Sixth Circuit Court of Appeals. *See* Dkt. # 49, #53, #59. The Court finds no basis for a contempt proceeding.

Finally, Lyons seeks an evidentiary hearing to allow him to establish his actual innocence and that the State perpetrated a fraud upon the Court. The habeas petition has been denied. There is no proceeding pending before this Court. In addition, the claims for which Lyons seeks factual support were raised and rejected by this Court and the Court of Appeals. The Court will deny the motion.

The Court DENIES Petitioner's "Motion for Reconsideration, Request for Appointment of Counsel" (Dkt. # 68), "Motion for the Court to Find the Michigan Attorney General, Bill Schuette, Esq. and Raina Korakis, Asst. Attorney General in Civil Contempt" (Dkt. 70); and "Motion for Evidentiary Hearing" (Dkt. # 71).

SO ORDERED.

S/Victoria A. Roberts
VICTORIA A. ROBERTS
UNITED STATES DISTRICT JUDGE

DATE: July 2, 2018